1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    DAVID R. CALLAWAY (CABN 121782)
3   Chief, Criminal Division

4   WILLIAM FRENTZEN (LABN 24421)
    Assistant United States Attorneys
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California  94102
        Telephone:  (415) 436-6959
7       Facsimile:   (415) 436-6753
        E-mail: william.frentzen@usdoj.gov
8
    Attorneys for United States
9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13  UNITED STATES OF AMERICA,        )    No. CR 14-71470 MAG (KAW)
                                     )
14                                   )    [PROPOSED]
                                     )    **ORDER OF DETENTION**
15              v.                   )    **PENDING TRIAL**
                                     )
16                                   )
    CURTIS MCGOWN,                   )
17                                   )
                    Defendant.       )
18  _____)

19

20          Defendant McGown appeared before the Court for a detention hearing.  Defendant was

21  represented by counsel.  A detention hearing was held.  Following the proffer of evidence and

22  factors by both sides, and full consideration of the Pretrial Services Report, the Court ordered

23  defendant McGown detained.

24          Upon consideration of the facts, proffers and arguments presented at the hearing on

25  detention, the Court found by clear and convincing evidence that no condition or combination of

26  conditions will reasonably assure the safety of other persons and the community.  Accordingly,

                                            1

the Court concluded that defendant McGown must be detained pending trial in this matter.

The present Order further supplements the Court's findings at the detention hearing, and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant McGown.  First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves a defendant who was purportedly a felon and on parole at the time of the offense of possessing a dangerous firearm, under 18 U.S.C. § 922(g)(1).  The evidence as proffered at the hearing by the government included that the defendant admitted to possession of the firearm which, if proven, would make this a strong case.  Second, as noted, the defendant had a significant criminal history that included prior crimes of violence, including robbery, as well as prior violations of court imposed conditions resulting in parole revocations. Defendant was also on parole at the time of the instant offense.  Third, the circumstances of the defendant's arrest followed a reported encounter during which the defendant fled from Oakland Police Department officers in a vehicle in a dangerous manner involving a high rate of speed and violating traffic laws that would obviously pose a danger to the community.  Fourth, as noted, the instant charges allege firearm possession.  For these reasons, the Court considers defendant McGown to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.    Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    Defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

Dated: January 27, 2015

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge